## BRUCE et al. vs. BENEDICT.

1. DEMURRER.

Where a general demurrer is filed to an answer containing several paragraphs, the demurrer should be overruled if any one paragraph presents a good defense. The court must pass upon the demurrer as an entirety, and cannot overrule it as to one paragraph and sustain it as to another.

2. ——————.

In an action of trespass, the complaint alleged that property of the plaintiff which was exempt from execution, was unlawfully seized and sold by the defendants, under an execution against the plaintiff, but failed to show the date of the debt; that a schedule was filed under the statute, etc., upon demurrer to an answer filed to the complaint: Held, that the latter was defective, and, by relation, the demurrer should have been sustained as to it; but *quære*: If a demurrer had been interposed to the complaint, should the allegations in regard to the levy, exemption, etc., have been treated as surplusage, and the remaining allegations sustained as a good cause of action?

APPEAL from *Faulkner* Circuit Court.

Hon. J. J. CLENDENIN, Circuit Judge.

*Gantt*, for appellants.

*Wilshire & Allen, contra.*

WALKER, J.:

This was an action at law, brought in the Faulkner Circuit Court by Louisa W. Benedict against Bruce, Lincoln and Maupin.

The complaint is, that on the 26th day of September, 1874, the plaintiff owned and was possessed of personal property of the value of $60, which, as she avers, was exempt from sale under execution for all debts contracted prior to the Constitution of 1874, under and by virtue of the provisions of the Constitution of Arkansas, adopted April 1, 1868; and that, at the time of the levy and sale, she was not possessed or the owner of property exceeding in value the sum of $545.25, notwithstanding which, the defendants, Bruce, Lincoln and Steele, combining and colluding with defendant Maupin to defraud plaintiff, procured and advised Maupin to sell the said personal property of the plaintiff by virtue of a pretended execution, from which the property was exempt by law, issued on the 9th of December, 1874, by B. N. Griffith, a justice of the peace for said county, on a judgment wherein Bruce and Lincoln were plaintiffs, and plaintiff was defendant; and that defendants Bruce, Lincoln and Steele, unlawfully combining with Maupin, that he (Maupin) as constable, unlawfully took, seized and sold the aforesaid property, to the injury and damage of the defendant $160.

The defendants, without demurring, answered the complaint, in which, in three distinct paragraphs, they deny : *First*—That plaintiff was unlawfully damaged in the sum of $160; they admit the possession and ownership of the property, as alleged, and, in general terms, deny that it was exempt from levy and sale under execution, for debts contracted prior to the adoption of the Constitution of 1874.

The defense interposed in paragraph two is, that Maupin, as constable, by virtue of a legal and valid execution, in favor of

Bruce and Lincoln against the plaintiff, directed to him as constable, levied upon and sold the property in the plaintiff's declaration, and deny that it was exempt from execution.

The third paragraph sets up as defense, that the plaintiff filed no schedule of her property with the justice who issued the execution under which the property was sold; that she obtained no supersedeas from the justice, and gave no notice to the constable of the exemption of said property.

Defendants admit that plaintiff was not possessed of personal property exceeding in value $545.25, but that they were not apprised of said fact by plaintiff before levy and sale.

To this answer the plaintiff demurred.

The grounds of demurrer are, that the defense set forth in defendants' answers do not constitute a legal defense. The court sustained the demurrer to the answers, the defendants excepted, and declined to answer further.

The court, sitting as a jury, assessed the plaintiff's damages to $60, and rendered judgment for that amount. The defendants moved for a new trial, on the grounds that the court erred in sustaining the demurrer to their answer; the motion was over-ruled, and defendants appealed to this court.

The sufficiency of the pleadings is presented by the demurrer, and presents the only subject for consideration.

If the plaintiff had been content to state, in her petition, the facts necessary to entitle her to recover in an action of trespass at the common law, and the defendants, in their answer, had justified under the execution levied upon the property by the officer, an issue would have been formed under which, under the Code practice, she would have been permitted to introduce evidence to prove that the property levied upon and taken from her possession was exempt from execution; she would have been entitled to do this, because it is matter which, under the common

law form of pleading, should have been presented by replication, which is disallowed under the Code practice, therefore the facts, as a necessity, must be given in evidence, or so fully stated in the petition as to put them in issue by the answer; and the question of doubt is as to whether, when the plaintiff attempts to set up this exemption in her petition (as she has done in this instance), she should not be held to state all of the facts necessary to show a valid exemption; and, as she has failed to do so in this instance, whether we should treat all the averments in reference to an exemption as surplusage, and sustain the petition as containing a good cause of action in trespass.

If the demurrer in this instance had been to the petition before answer, perhaps, under the liberal Code practice of amendments, this might have been done; but, in this case, the defendants have answered to the petition in three paragraphs, one of which is responsive to the allegations of exemption.

Defendants deny that the property was exempt; that it had not been scheduled and set apart as exempt from execution; that it was levied upon and sold without notice that plaintiff claimed an exemption upon it.

If the plaintiff intended to rest her claim to this property as exempt from sale under execution, as she has attempted to do, she should have stated all the necessary facts to have entitled her to exemption, setting forth the time at which the debt upon which she was sued was contracted, so as to bring it within the provisions of the constitution, which exempts a certain amount of personal property from sale under execution, and in addition to this, that she had filed her schedule of property, as required under sec. 2635 of Gantt's Digest.

The defendants' answer was not only a sufficient response to the allegations which were made, but also to such as should have been made to entitle plaintiff to an exemption; it denied the

existence of all the necessary facts to constitute a valid exemption.

But, should this matter of exemption be treated as surplusage, then, in another paragraph, the answer sets up affirmatively that judgment was rendered against the plaintiff, in a court of competent jurisdiction, upon which execution issued, directed to defendant, Maupin as constable, in obedience to which he levied upon the property of defendant in execution, the plaintiff in this suit, so that, whether considered in one or the other form, the defendants had fully answered.

The remaining paragraph of the answer was clearly defective; a denial that the property was unlawfully damaged $160; admitting the possession of the property in the defendant, and a general statement that the property was not exempt from execution, was wholly insufficient, and if a separate demurrer to that paragraph had been filed, the demurrer should have been sustained, unless, by reason of the defects in. the petition, by relation, judgment should have been rendered against the party committing the first error in the pleading.

But the demurrer is general, and applies to all of the paragraphs. If any one of them is sufficient, the demurrer should have been overruled.

The pleader must stand upon his general proposition, and the court must pass upon it as an entirety, and cannot overrule the demurrer, as to one, and sustain it as to another. *Archer* v. *National Insurance Company*, 2 Bush., 226.

If we decide that the demurrer should have been sustained to the answer, which we cannot do, then we must sustain an insufficient petition, and overrule a good defense to it, even when made perfect.

Under this state of case, as the plaintiff committed the first error, we think judgment should be rendered upon demurrer to

*Vol. xxxi.—20.*

the sufficiency of the petition. *Bradley* v. *Hume,* 18 Ark., 294; *Pettus* v. *Harris,* 11 Ark. Because, should we overrule the demurrer under the state of pleadings presented, the plaintiff could not avail herself of her right of exemption without an amendment of her petition.

In consideration of all which, the judgment of the court below must be reversed and set aside, and the cause remanded, with leave to the plaintiff to amend her petition, so as to omit all matters in reference to the levy of the execution, and exemption of the property, to which the defendants may answer, and if the plaintiff, in fact, is entitled to an exemption of the property, she may avail herself of the benefit of it by proper evidence upon the trial.