ALGER *v.* BEASLEY.

Opinion delivered October 7, 1929.

*Duke Frederick,* for appellant.

*C. H. Herndon,* for appellee.

MEHAFFY, J. The appellees, on the 30th day of July, 1928, filed in the Montgomery Chancery Court a complaint, and summons was issued, and on the 31st of July served on the defendants. The complaint is as follows: Comes the plaintiffs, H. V. Beasley, trustee for P. J. Ahearn, Robert Buchanan, H. V. Beasley, Mrs. Irene Offenhauser and W. L. Hickman *et al.,* and W. Spear Harris, and respectfully state: That all of the above plaintiffs, except the said W. Spear Harris, are the owners of the following claims in Montgomery and Polk counties, Arkansas: Nos. 1 and 2 east, and Nos. 1 to 8, inclusive, in sections 8-9-10, township 4 south, range 27 west, and also one placer claim No. 1 east on south; that all work has been done to perfect patents therefor. Also one upright boiler and piping; cars and tracks for carrying ores; pipe wrenches and cables; buildings located thereon; also six tunnels, and other property. That on June 1, 1927, the last-mentioned plaintiffs leased said property to said W. Spear Harris for a period of ten years; that said W. Spear Harris entered into possession thereof and went to work; that the defendants, Alger, whose given name is unknown to plaintiffs, and

Reinhart, whose given name is also unknown to plaintiffs, came on to said lands, without plaintiffs' permission, placed notices thereon, took possession of the buildings located thereon, and have destroyed plaintiffs' railroad track, ordered plaintiff W. Spear Harris off said property, and cussed and used abusive language about said W. Spear Harris; that said defendants, Alger and Reinhart, had no claim or right to said lands, premises or property; that said defendants are threatening and about to destroy other property, and are irresponsible, and a judgment against them would be of no value. Plaintiffs have no adequate remedy at law.

"Wherefore plaintiffs pray that said defendants be forever enjoined from trespassing thereon or from interfering with plaintiffs' claim thereto, and for other relief, including all damages sustained by plaintiffs."

At the same time that summons was served a notice was served on appellants that an application would be made for an injunction on August 6.

The appellants appeared on August 6, but did not file any answer or any pleadings except a motion to require appellees to give bond. This application and motion was heard before the circuit judge, and the injunction issued returnable to the chancery court. Bond was filed on August 13. On August 15 defendants were cited to appear in court for violating the order of the court. On September 22 the defendants were given ten days in which to file answer, but they did not file any answer or any pleadings. The regular term of the chancery court began in Montgomery County at Mt. Ida on the 5th of November. The defendants not having answered, the cause was submitted upon the pleadings, oral testimony and proof of service of summons. The court gave judgment against the appellants for $210.25 damages, and enjoined the appellants and their agents, employees and servants from going on the premises except by consent of plaintiffs.

Thereafter the appellants filed a motion to set aside the decree, and allege, among other things, that they had

no knowledge that court would convene on the 5th of November, and were not advised that the cause was set for trial or would be subject to trial, and they had no knowledge that a judgment had been rendered until an execution had been issued and placed in the hands of the sheriff. Appellants alleged that they resided at Mena, Polk County, and had engaged the services of W. L. Parker as their attorney, and understood that he would file an answer and advise them when court would convene; that he failed to file such answer, and appellants did not know of such failure until after judgment had been rendered and execution issued. They alleged that they had no knowledge of the order of the court giving them 10 days to answer, and believed their attorney was taking such steps as were necessary to protect their rights. They further alleged that they were each seriously ill and unable to attend court during the month of September, and also from the 15th of August to the 10th of October. They also alleged that the petition for injunction did not contain any allegations of damages to plaintiffs, and that the appellants therefore had no notice of any kind that a money judgment for damages against them was being sought. They deny that they violated the injunction, or that their employees did with their knowledge or consent. They alleged that they immediately, after the service of the injunction, removed from the property and have remained away ever since, and deny that they destroyed the railroad track, or that the appellees suffered any damage because of anything they did. They also alleged that the judgment for damages was rendered without any complaint being filed, and was rendered prematurely, and before the expiration of 90 days after the pleadings had been completed. Appellants alleged they had a meritorious defense, and set up in their motion their defense.

The chancery court overruled the motion, and defendants excepted, and prayed an appeal to the Supreme Court, which was granted.

Appellants in their brief state that the only questions to be determined are, first, whether or not sufficient facts are alleged in the complaint to constitute a cause of action entitling the plaintiffs to injunctive relief; second, whether or not the allegations of the complaint are sufficient to warrant a default judgment or decree for damages.

It will be observed that the complaint alleges that appellants came on to said lands, placed notices thereon, took possession of the buildings located thereon, and have destroyed the railroad track, and ordered appellees off said property. It further alleged that appellants were threatening and about to destroy other property, and that they are irresponsible, and a judgment against them would be of no value.

On demurrer or default the complaint was sufficient not only to authorize the court to take proof on the question of the injunction, but also as to damages. The complaint states specifically that a judgment against appellant would be of no value. That means, of course, that they are insolvent, and this allegation is not denied.

The complaint also alleged that they had already destroyed the railroad track, and were threatening and about to destroy other property. These were sufficient allegations to permit evidence to be introduced on both allegations. And, since the evidence taken by the court is not brought up in the record, it will be presumed that there was sufficient evidence to sustain both allegations.

This court has said recently: ''It is true that a complaint must state something more than mere conclusions, but the fraud charged by plaintiff, we think, is a sufficient statement of the facts constituting the fraud to justify the court in overruling the demurrer. This court has frequently held that, in testing the sufficiency of a pleading by general demurrer, every reasonable intendment should be indulged to support it; and that, where facts are defectively stated, the remedy is by motion to make more definite and certain, and not by demurrer. It is also true that, while the Code forbids the allegations

of mere conclusions of law, its spirit and object require that the facts constituting the cause of action shall be stated according to their legal effect. The rule requires the statement of fact, and not the evidence of fact." *Driesbach* v. *Beckham,* 178 Ark. 816, 12 S. W. (2d) Series 408. See also *Ellis* v. *First National Bank,* 163 Ark. 471, 260 S. W. 714; *Cox* v. *Smith,* 93 Ark. 371, 125 S. W. 437, 137 Am. St. Rep. 89; *Bruce* v. *Benedict,* 31 Ark. 301; *Turner* v. *Tapscott,* 30 Ark. 312; *Farrell* v. *Elkins,* 159 Ark. 31, 251 S. W. 380.

The court also said in the case of *Driesbach* v. *Beckham*: "The allegations of the bill, which are confessed by the demurrer, control in this case. Contrary to the common-law rule, under our Code every reasonable intendment and presumption is to be made in favor of a pleading, and a complaint will not be set aside on demurrer unless it be so fatally defective that, taking all the facts to be admitted, the court can say they furnish no cause of action whatever."

Tested by these rules, the complaint was sufficient both for an injunction, and for damages for the destruction of property. Complaint was filed on the 30th of July, service was had on the 31st of July, and in September the appellants were given ten days to answer, and, as we have already said, no pleadings were ever filed.

Court met at Mt. Ida on the 5th of November. This was the beginning of the regular term. Appellants say that the case was not properly for trial until 90 days after the pleadings were made up, but the pleadings were not made up. No pleadings were ever filed by appellants. Section 1285 of Crawford & Moses' Digest provides: "Judgment by default shall be rendered by the court on any day of any regular or adjourned session in any case where the defense has not been filed within the time allowed by §§ 1208 and 1209, provided that the court may for good cause allow further time for filing a defense."

Section 1208 of Crawford & Moses' Digest provides that "the defense to any complaint or cross-complaint must be filed before noon of the first day the court meets

in regular or adjourned session after service: (1) Where the summons has been served twenty days in any county in the State; (2) where the summons has been served thirty days outside of the State; (3) in the case of constructive service," etc.

There is no complaint about the service in this case, and there is no dispute about the fact that the appellants were given ten days to answer, and that they never filed any answer. To be sure, they say that they did not know this, but their attorney did.

"It is the general rule that an attorney, acting within the scope of his authority, represents his client, and his acts of omission as well as of commission are to be regarded as the acts of the person he represents, and therefore his neglect is equivalent to the neglect of the client himself. In accordance with this view, courts of equity will not usually relieve a party against the fault or negligence of his attorney, and the rule is frequently applied in the case of application for relief against judgments, though in some States the negligence or mistake of an attorney is not imputable to his client, and does not debar him from obtaining relief from a judgment due thereto. So also it has been held that the negligence of an attorney in failing to bring suit within the statutory period is the neglect of the client, and therefore that such negligence is no excuse for the failure to bring the suit in time." 2 R. C. L. 965.

The above rule is the rule in this State. The attorney did not testify, and, so far as this court knows, there is no reason why he should not have filed the answer within the time given by the court.

The case was heard by the chancery court on oral testimony which is not brought into the record, and this court will presume that the chancery court had evidence sufficient to justify the order made.

The decree of the chancery court is affirmed.