MERCHANTS' & PLANTERS' BANK & TRUST COMPANY *v.*
USSERY.

Opinion delivered May 25, 1931.

*Bridges, McGaughey & Bridges,* for appellant.

*E. W. Brockman,* for appellee.

HART, C. J., (after stating the facts). The original decree was entered of record on May 9, 1930, which was a regular day of the April term of the Jefferson Chancery Court. The motion of the defendants to vacate the decree was filed on the 19th day of November, 1930, which was a day of the November term of said court. Acts of 1923, p. 376.

A court with terms fixed by law has no power to vacate a judgment or decree after the lapse of the term at which it was rendered except for causes named in § 6290 of Crawford & Moses' Digest. *Terry* v. *Logue,* 97 Ark. 314, 133 S. W. 1135; *Robinson* v. *Citizens' Bank of*

*Pettigrew,* 135 Ark. 308, 204 S. W. 615; *Feild* v. *Waters,* 148 Ark. 325, 229 S. W. 735; and *American Investment Co.* v. *Keenehan,* 172 Ark. 832, 291 S. W. 56.

Where a defendant was prevented, without any fault on his part, from appearing or making his defense to the action, his case comes fairly within the spirit of the seventh subdivision of § 6290 of Crawford & Moses' Digest. *Henton* v. *Euper,* 63 Ark. 323, 38 S. W. 517; and *Karnes* v. *Ramey,* 172 Ark. 125, 287 S. W. 743. In each of these cases, it was held that where a party was not served with summons and did not know of the pendency of the action in time to make a defense, his case falls within the seventh subdivision of the section which provides for vacating a final judgment or decree after the expiration of the term for unavoidable casualty or misfortune preventing the party from appearing or defending.

Mrs. Virginia Ussery does not allege that she was not served with summons but claims that her case falls within the seventh subdivision of the section above cited because one of her children told her that she would at once see counsel and advise her what defense he might make, and that she relied upon his promise to do so, and that he failed to carry out his promise. Her excuse was not sufficient. In the case of *Blackstad Mercantile Co.* v. *Bond,* 104 Ark. 45, 148 S. W. 262, the court said that negligence on the part of one's own attorney is not sufficient to justify setting aside a judgment. The reason is that when a party employs an attorney at law to defend his suit in the courts of the country, he presents him to the court as his accredited agent, and, as such, he must be concluded by any acts or omissions where no fraud or unfairness is made to appear. That principle controls here. Mrs. Virginia Ussery made her son her agent to procure counsel and conduct her defense to the action. He failed to do so, and she must be bound by his negligence or failure, which was not occasioned by any misleading conduct on the part of the opposing party or misleading statement made by any officer of the

court. Her failure to make a defense was due entirely to the negligence or omission of her own agent, and she must be bound by his misconduct. It was the duty of the defendant to keep herself informed of the progress of the case and obtain relief on the ground of unavoidable casualty under the statute, she must have shown that she was not guilty of negligence and cannot have relief if the taking of the decree against her appears to have been due to her own carelessness. *Trumbull* v. *Harris,* 114 Ark. 493, 170 S. W. 222.

As to the defendant, Cassie B. Ussery, but little need be said. The original decree finds, and the return of the sheriff of Jefferson County shows, that this defendant was duly served with summons in the manner prescribed by law. No denial of this fact is made by this defendant. He does not state or allege that any fraud was practiced on him nor that any unavoidable casualty prevented him from answering or making his defense to the original action. Therefore he does not even allege any ground for opening the decree under the provisions of § 6290 of the Digest.

We now come to the defendant, Sally Ussery Norwood. She alleges that she was not served with summons and sets up a defense to the original action. In an action to vacate a judgment rendered at a former term of court on the ground that there was no service of process, the burden of proof is upon the party asserting it because the officer's return of service is *prima facie* true. *Holman* v. *Lowrance,* 102 Ark. 252, 144 S. W. 190; and *Karnes* v. *Ramey,* 172 Ark. 125, 287 S. W. 743.

In this case, the return of service of summons by the sheriff in the original suit shows that the defendant, Sally Ussery Norwood, was duly served with summons in Jefferson County, Arkansas, on the 17th day of April, 1930, by having a true copy of the summons delivered to her by the sheriff. The return was filed with the clerk of the court on the 18th day of April 1930. A decree was

entered of record on May 9, 1930. It recites that service of summons was duly had on Sally Ussery Norwood by the sheriff serving her with summons in the manner prescribed by law. In the application to vacate the decree, this defendant contents herself with making her affidavit to the petition to vacate the decree. The burden was upon her to show that no service of summons was had on her, and we do not think that her affidavit merely was sufficient to overturn the return of the sheriff as to the service of summons, when considered in connection with the attendant circumstances in the case.

Therefore we hold that the court erred in vacating the original decree and in allowing the defendants to interpose a defense to the action. The order of the chancery court opening the decree rendered at the former term of the court will be reversed, and the cause will be remanded with directions to the chancery court to overrule the application of the defendants to vacate the decree under the provisions of § 6290 of Crawford & Moses' Digest.

It is so ordered.