Frank MEISCH *v.* V. J. BRADY

CA 80-202                          606 S.W. 2d 112

Court of Appeals of Arkansas
Opinion delivered October 8, 1980

*Guy Jones, Jr.*, for appellant

*Brazil & Roberts*, for appellee

GEORGE HOWARD, JR., Judge. This is an appeal from an order of the Faulkner Circuit Court setting aside a default judgment entered in behalf of appellant and against the appellee for $2,900.00.

The pertinent facts are: on February 21, 1979, appellant, plaintiff below, filed his complaint and summons was duly issued and personally served on the appellee-defendant on March 2, 1979.

A default judgment was entered on May 31, 1979, since no pleading was filed in behalf of appellee. On July 26, 1979, after appellee learned of the default judgment, appellee filed his petition to vacate the judgment alleging:

"2. That this Judgment should be set aside because of an unavoidable casualty and misfortune preventing him from appearing or defending the lawsuit.

"3. That this Defendant has an undoubted defense to said indebtedness and further has a counterclaim against this Plaintiff for a substantial amount of money in excess of that money allegedly claimed due by the Plaintiff, and further, he did not, in fact, owe this Plaintiff."

Appellant's response to appellee's petition asserted:

"1. Defendant failed to allege sufficient facts or appropriate grounds for setting aside prior judgment. . . .

"2. Defendant alleges no facts, only conclusions of law and as such said petition should be denied and stricken from the record. . . ."

On March 17, 1980, the trial judge entered his order vacating the judgment stating:

"1. That good cause has been shown by the defendant to set aside the default judgment. . . ."

Rule 55 of Arkansas' Rules of Civil Procedure provides:

"(a) When a party against whom a judgment for affirmative relief is sought has failed to appear or otherwise defend . . . *judgment by default shall be entered by the court.* ·

. . .

"(c) The court may set aside a default judgment previously entered upon a showing of excusable neglect, unavoidable casualty, or other just cause." (Emphasis added)

Rule 60 of the Rules of Civil Procedure provides:

"(b) Any judgment of any circuit, chancery or probate court shall have the same force and effect as·a conclusive adjudication upon the expiration of ninety (90) days from the filing thereof with the clerk of the

court. . . . Any such judgment may be modified, set aside or vacated within ninety (90) days from the filing thereof with the clerk of the court or pursuant to a motion made within that ninety (90) day period. . .[1]

. . .

"(d) *No judgment against a defendant,* unless it was rendered before the action stood for trial, shall be set aside under this rule *unless the defendant in his motion asserts a valid defense to the action and, upon hearing, makes a prima facie showing of such defense.* (Emphasis added)

The appellee-defendant offered the following testimony in support of his petition:

Q. Back in February of '79 did you get served with a summons, V. J.?

A. Yes, I did.

Q. And you don't deny that the time is past and no answer was filed for you?

A. I believe that's correct.

Q. Tell us what happened.

A. Well, within a week after I received the notice, uh, my uncle was representing me.

Q. Who was that?

---

[1]Rule 60(c) provides:

"(c) The court in which a judgment has been rendered or order made shall have the power, after the expiration of ninety (90) days after the filing of said judgment with the clerk of the court, to vacate or modify such judgment or order:

. . .

"(7) For unavoidable casualty or misfortune preventing the party from appearing or defending."

A. Russell Roberts. And it was shortly after his retirement, as to what month I don't know. And when — I took it out to his house one Sunday afternoon and gave it to him. And he told me that, uh, he didn't have the office — the office wasn't open — or he didn't go down to the office, and he would go down some night and file an answer. And that was — as far as I know, that was, uh, what happened to that.

Q. Subsequently found out, of course, that he was sick.

A. Well, later on, uh, I got a notice where a judgment had been issued against me.

Q. And that's when you brought it to me, or shortly after that?

A. Right.

Q. And your uncle, Mr. Roberts, was ill?

A. Yes.

Q. Did you find that out.

A. Yes.

MR. JONES: I'm going to object to anything — the condition anyone was in at that time, your Honor. I don't think anybody here is an M. D. If they've got testimony, an M. D. or someone to testify to that fact, that's fine with me.

. . .

Q. Do you owe the man the money?

A. No, sir. Maybe a part of it but not that much.

Q. Does he owe you any mony?

A. He does, yes, sir.

Q. How much does he owe you?

A. Approximately some $3,000.

Q. So you have set off to the debt?

A. I have all the bills. I haven't run them up. I don't know exactly the amount."

A judgment by default is just as binding and forceful as a judgment entered after a trial on the merits in a case; and it is not to be discredited or regarded lightly because of the manner in which it was acquired. A default judgment determines a plaintiff's right to recover and a defendant's liability just as any conventional judgment or decree. *See:* 49 C. J. S., Judgments, § 200, page 356. It has been stated authoritatively that an additional purpose of the entry of a default judgment is to keep the dockets current and expedite disposal of litigation, thereby preventing dilatory tactics on the part of a defendant from impeding the plaintiff in the establishment of his claim; and that it is not designed to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment obtained without the rigors encountered in a contest. *See:* 47 Am. Jur. 2d, Judgments, § 1152, page 184.

Rule 55 states in no uncertain terms that a default judgment may be set aside "upon a showing of excusable neglect, unavoidable casualty, or other just cause." And rule 60(d) is equally clear and in definite terms provides that "[*n*]*o judgment* against defendant, unless it was rendered before the action stood for trial, shall be set aside . . . unless defendant in his motion asserts a valid defense to the action and, upon hearing, makes a prima facie showing of such defense."

From the plain meaning of the provisions referred to in Rules 55 and 60, appellee-defendant's efforts fall far short of establishing the necessary requirements entitling him to an order vacating appellant's judgment. We hold that the trial court abused its discretion in setting aside the default judgment.

It is beyond debate that illness of a party's counsel, so

severe as to prevent him from appearing in behalf of his client, is an appropriate ground for vacating a default judgment provided the party litigant did not know of it in time to retain other counsel or was prevented in some way from doing so; otherwise, such illness of counsel is not grounds for setting aside the judgment. *See:* C. J. S., Judgments, § 334, page 624; *Johnson* v. *Jett*, 203 Ark. 861, 159 S.W. 2d 78 (1942).

This record, to say the very least, does not demonstrate in any way that appellee's attorney's purported illness was so severe as to prevent him from filing an answer within the allotted time provided under law. The record tends to support a conclusion that the appellee's predicament could have been avoided by the exercise of care or diligence. Appellee testified that he delivered the summons within a week, after he had been served by the officer, to his attorney, his uncle; that his uncle advised him, when appellee took the summons to his uncle's house one Sunday afternoon, that "he didn't have the — the office wasn't open — or he didn't go down to the office, and he would go down some night and file an answer." Appellee stated that he consulted his present counsel when he learned of the judgment — 146 days after appellee was served with the summons and 56 days after the judgment was entered. It is plain that the circumstances surrounding appellee's retention of his uncle to represent him and the status of his uncle as a practicing attorney — his retirement and the existence versus nonexistence of an office — dictated a greater interest in his case than was manifested by appellee as illustrated by this record. Indifference, inattention and inexcusable negligence are not the same as excusable neglect. These terms are incomparable.

In *Alger* v. *Beasley*, 180 Ark. 46, 20 S.W. 2d 317 (1929), the Supreme Court stated that the failure of an attorney to file an answer is imputable to the litigant.

Finally, appellee's petition to vacate the judgment simply alleged conclusions of law regarding the purported unavoidable casualty which prevented him from appearing and defending in this lawsuit. The petition is also deficient from the standpoint of appellee's failure to assert a valid defense. Appellee simply stated that he had "an undoubted defense to

said indebtedness and further has a counterclaim against the plaintiff for a substantial amount of money in excess of that money allegedly claimed due by the plaintiff and further, he did not, in fact, owe this plaintiff." Appellee testified, when asked if he owed the appellant any money, "[n]o, sir. Maybe a part of it but not that much." And when asked if appellant was indebted to him, appellee explained "I don't know exactly the amount."

In *Trumbull* v. *Harris*, 114 Ark. 493, 170 S.W. 222 (1914), the Arkansas Supreme Court emphasized that it is the duty of a litigant to keep himself informed of the progress of his case and if a default judgment is entered against him and he relies upon unavoidable casualty as a ground for relief, he has the duty to show that he himself is not guilty of negligence.

In *Haville* v. *Pearrow*, 233 Ark. 586, 346 S.W. 2d 204 (1961), the Arkansas Supreme Court said that in an action to vacate a default judgment, the petitioner has no grounds to complain of the dismissal of his petition where he has not shown a meritorious defense to the action in which the default judgment was entered.

Reversed and remanded with directions to the trial court to reinstate appellant's default judgment.