E. O. HENSLEY and Doris HENSLEY *v.* Roger BROWN

CA 81-58                                        617 S.W. 2d 867

Court of Appeals of Arkansas
Opinion delivered July 1, 1981

*Leon Reed* and *Guy Jones, Jr.*, for appellants.

*Robert Sharp Gunter*, for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant E. O. Hensley, a pedestrian, was struck by a vehicle operated by appellee Roger Brown. In an action filed by appellants for damages, service was had on appellee on June 2, 1979. On July 25, 1979, no answer or other pleading having been filed by appellee, appellants filed their motion for judgment on the question of liability. And, although Rule 55(b) of the Rules of Civil Procedure did not require it, appellants gave appellee notice of the date the motion was set for hearing. On August 2, 1979, appellee filed a response, alleging that on June 15, 1979, his attorney mailed an answer to the clerk, with a copy to each of two separate attorneys representing appellants. The attorneys and clerk filed affidavits denying they received the answer. There is nothing else in the record pertaining to appellants' motion except a copy of the court's docket entry on September 27, 1979, showing "Default denied."

The issues of liability and damages were subsequently presented to a jury on March 5, 1980, and the jury returned the verdict for appellants for $1,000. Apparently not satisfied

with that amount, the appellants appeal and argue that the granting of a default judgment on the issue of liability was mandatory and that the trial court did not have any discretionary authority to deny it.

We agree that the granting of a default judgment on the issue of liability is not a matter of discretion where no answer or other pleading is timely filed.

In the first place, Rule 12 of the Arkansas Rules of Civil Procedure provides that a defendant shall file his answer within twenty (20) days after service of summons. Rule 6(b) provides that where an act is required to be done within a specified time, the court may, after the expiration of that period, order the time enlarged where the failure to act was the result of excusable neglect, unavoidable casualty, or other just cause.

In the second place, Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to appear or otherwise defend as provided by these rules, judgment by default *shall* be entered by the court." Reporter's Note 1 to Rule 55 says it "generally follows prior Arkansas law" and in *Walden* v. *Metzler*, 227 Ark. 782, 301 S.W. 2d 439 (1957), the court sustained the granting of a default judgment where the answer was not filed in time and said in view of the language of Acts 49 and 351 of 1955, "We cannot sustain the appellant's contention that the courts still have unlimited discretion to grant further time to a defendant already in default." And in *Moore, Adm'x.* v. *Robertson*, 242 Ark. 413, 413 S.W. 2d 872 (1967), the court, referring to *Walden*, said: "We held that the 1955 statutes were mandatory in requiring a defendant to plead within the time fixed by law." The court did point out, however, that Act 53 of 1957, relaxed the strictness of the 1955 acts by providing that: "Nothing in this act shall impair the discretion of the court to set aside any default judgment upon showing of excusable neglect, unavoidable casualty, or other just cause."

Act 53 of 1957 and Act 49 of 1955 were codified as part of Ark. Stat. Ann. § 29-401 (Repl. 1962) and that section was

before the court in *Perry* v. *Bale Chevrolet Co.*, 263 Ark. 552, 566 S.W. 2d 150 (1978), where the trial court had granted a default judgment. In reversing that judgment, the Supreme Court referred to several cases where the circumstances were said to be sufficient to avoid the "harshness of a default judgment" because of excusable neglect, unavoidable casualty, or other just cause, and said, "Under the circumstances of this case, we hold that the filing of a typewritten answer only one day late was attributable to excusable neglect or other just cause."

It is, therefore, our view that a court does not have the discretion to excuse the failure to file a timely answer or other pleading and refuse to grant a default judgment. If the failure to file, however, was due to excusable neglect, unavoidable casualty, or other just cause, judgment by default should not be granted.

There are other situations where as a matter of law — not discretion — judgment against a defendant in default is not authorized. For example, judgment should not be granted against a defendant who has not timely answered if the action is against several defendants jointly and one of them has filed a timely answer which asserts a defense common to all. *Firestone Tire & Rubber Co.* v. *Little*, 269 Ark. 636, 599 S.W. 2d 756 (Ark. App. 1980). Furthermore, a default admits only those facts alleged in the complaint and a judgment should not be granted for relief which the alleged facts do not warrant. *Kohlenberger* v. *Tyson's Foods*, 256 Ark. 584, 510 S.W. 2d 555 (1974). Rule 55(b) provides that "no judgment by default shall be entered against an infant or incompetent person" and it also provides for three days written notice before a default judgment can be entered against a party who has appeared.

Even where a default judgment on the issue of liability is granted, the amount of the judgment must be established and the defaulting defendant has the right to cross-examine witnesses and introduce evidence in mitigation of damages. *Kohlenberger*, supra. And it may be necessary to establish some other fact before judgment can be entered. Rule 55(b), in dealing with these matters, provides:

If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper and may direct a trial by jury.

So while we agree with the appellants that the granting of a default judgment on the issue of liability is not a matter of discretion where no answer of other pleading is timely filed, this does not mean that the trial court was in error in this case. If the appellee's allegations with regard to the mailing of his answer were believed, then the failure of the post office to deliver the letters would constitute excusable neglect, unavoidable casualty, or other just cause. The record does not show why the court denied the appellants' motion for default but it is their burden to demonstrate that the court was in error. *Peoples Protective Life Ins. Co.* v. *Smith*, 257 Ark. 76, 89, 514 S.W. 2d 400 (1974). We do not find that this had been done.

Affirmed.

COOPER, J., not participating.

CLONINGER, J., concurs.

LAWSON CLONINGER, Judge, concurring. I concur in the result reached by the majority, but I disagree with its reasoning.

The majority cites no Arkansas case dealing with the issue before the Court which was decided subsequent to the adoption of the Arkansas Rules of Civil Procedure. Both *Perry* and *Burns*, relied upon by the majority, were decided on the basis of Ark. Stat. Ann. § 29-401 (Repl. 1962) and prior to July 1, 1979, the effective date of the Rules of Civil Procedure.

Section 29-401 provided only that a default judgment should be rendered only if there was no timely appearance or

pleading; Rules of Civil Procedure, Rule 55(a) makes that same provision, but Rule 55(b) adds a new dimension, providing:

> Manner of entering judgment. The party entitled to a judgment by default shall apply to the court thereof ... If, in order to enable the court to enter judgment or to carry it into effect, it is necessary ... to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings as it deems necessary and proper and may direct a trial by jury.

Rule 55(a) appears to make the entering of a default judgment mandatory when the defendant fails to plead or appear, but Rule 55(b) immediately authorizes the court, for any of the reasons enumerated, to conduct such hearings as it deems necessary and proper and may direct a trial by jury.

The only question on this appeal is whther the trial court was in error in *denying* appellants' motion for default judgment. Rule 55(c) has no bearing on the issue before the Court, because Rule 55(c) deals only with the power of the court to set aside a default judgment previously entered.

On appeal, the decision of the trial court will not be disturbed unless there is an abuse of discretion. Because of the state of the record in this case it is impossible to discern whether the trial court abused its discretion in denying the motion. The record contains no order; only the meager docket entry, "Default denied."

It appears unlikely that the trial court accepted the explanation of the attorney for appellee that the answer mailed to the clerk and the two copies mailed to appellants' attorneys were all lost in the mail, but the trial court exercised its discretion in presenting all the issues to the jury, and we are presented with no evidence that the court's discretion was abused. I would hold that in the absence of a showing that the trial court abused its discretion we must presume that there was no abuse. Since there is nothing in

the record before us which indicates the trial court erred I would affirm the judgment.