Robert A. BELL *v.* Joe Terry LEE

CA 82-344                                648 S.W.2d 524

Court of Appeals of Arkansas
Opinion delivered April 13, 1983

*Laws & Swain, P.A.,* by: *Ike Allen Laws, Jr.,* for appellant. .

*Mobley & Smith,* by: *William F. Smith,* for appellee.

· · DONALD L. CORBIN, Judge. Appellee, Joe Terry Lee, brought suit against appellant, Dr. Robert A. Bell, to collect the balance due under a promissory note. The trial court awarded appellee a default judgment against appellant in the sum of Twenty Thousand One Hundred Forty Two Dollars and One Cent ($20,142.01) representing principal, accrued interest and ten percent attorney's fee plus interest from the date of the judgment.

Appellant petitioned the court to set aside the default judgment alleging that prior to filing the lawsuit, he and appellee had agreed upon a settlement of their differences, and that pursuant to appellee's assurances of his not pursuing the suit, appellant did not file an answer. Appellee denied these allegations. A hearing was held on appellant's petition and the trial court refused to set aside the default judgment.

Appellant contends that the trial court erred in refusing to set aside the default judgment entered in this cause of action because appellant showed excusable neglect and other just cause.

ARCP, Rule 55, provides in part:

(a) *When entitled.* When a party against whom a judgment for affirmative relief is sought has failed to

appear or otherwise defend as provided by these rules, judgment by default shall be entered by the court.

. . . .

(c) *Setting Aside Default.* The court may set aside a default judgment previously entered upon a showing of excusable neglect, unavoidable casualty, or other just cause.

In *Hensley* v. *Brown,* 2 Ark. App. 175, 617 S.W.2d 867 (1981), this court stated:

It is, therefore, our view that a court does not have the discretion to excuse the failure to file a timely answer or other pleading and refuse to grant default judgment. If the failure to file, however, was due to excusable neglect, unavoidable casualty, or other just cause, judgment by default should not be granted.

The Court went on to state:

The record does not show why the court denied the appellants' motion for default but it is their burden to demonstrate that the court was in error. *Peoples Protective Life Ins. Co.* v. *Smith,* 257 Ark. 76, 89, 514 S.W.2d 400 (1974).

Appellant has not met his burden in demonstrating that the trial court erred in refusing to set aside the default judgment. On appeal, the decision of the trial court will not be disturbed unless there is an abuse of discretion. In the absence of a showing that the trial court abused its discretion, we must presume that there was no abuse.

In the instant case, appellant admitted that appellee and appellee's attorney had made demand upon him for payment of the note or they would file suit. Appellant's attorney admitted that numerous attempts were made by appellee's attorney to obtain payment of the note without having to file suit. Appellant also admitted that appellee never signed any settlement agreements or agreements to dismiss prepared by

appellant. Appellant further admitted that he knew he had only twenty days to file an answer to appellee's complaint. Appellee testified that he and Dr. Bell both agreed that it would be best for them to settle on something; however he testified that there was never any settlement reached nor any agreement to dismiss the lawsuit.

Although we realize that most litigants strive to resolve their differences outside of the courtroom and that many controversies are in fact settled on the courthouse steps, a party to a suit is not relieved of the responsibility of adhering to the rules of civil procedure and must file an answer within the statutory time. Relief from default judgment is available only where the defaulting party is able to show excusable neglect, unavoidable casualty or other just cause. Appellant's attorney testified as follows: "I discussed with Dr. Bell that any eventual settlement could not be made without counsel. Now when he said 'settled', it meant different to me than it meant to him. It meant to him he had settled it; and it meant to me that he was talking about it because I hadn't seen any settlement myself."

Due regard must be accorded by this court to the opportunity of the trial court to judge the credibility of witnesses. ARCP, Rule 52 (a). The trial judge below was in a superior position to weigh the testimony of both the witnesses and the parties and we cannot say he erred in denying appellant's petition to set aside the default judgment.

We affirm.

COOPER and GLAZE, JJ., dissent.

TOM GLAZE, Judge, dissenting. I respectfully dissent. In affirming the trial court's decision, the majority has unintentionally sanctioned a grave injustice. Because of appellee's words and actions, appellant was induced not to file an answer in this cause. Both parties, ignoring their respective counsel's advice to the contrary, dealt with one another personally in an attempt to resolve their differences short of court litigation. Without question, both parties knew that a

lawsuit had been filed and that appellant had twenty days to answer. In an effort to settle, appellant prepared a promissory note and a second document, certifying that appellee had "dropped the lawsuit" against appellant. Undisputedly, appellee picked up these two documents immediately prior to appellant's deadline for filing an answer in the pending action. Although appellee testified that he had never said that he would sign the documents, he admitted that he gave appellant reason to believe the lawsuit would be settled. Appellee stated:

> I don't know if by my actions Dr. Bell was lulled into thinking we'd reached a settlement. I never gave him any indication I wasn't going to settle. [Emphasis supplied].

After the appellee obtained the documents from appellant, appellee was told by his attorney not to communicate with the appellant again. On this occasion, appellee apparently elected to follow his attorney's advice and took no further action — at least until he later requested the trial court to enter a default judgment.

The evidence shows conclusively that appellee lulled appellant into a false sense of believing that there would be a settlement and that there was no need to file an answer. If ever just cause existed to warrant setting aside a default judgment, that cause is before us now. I would reverse.