Lee MOORE *v.* TAYLOR SALES, INC.

CA 96-1225                                         953 S.W.2d 889

Court of Appeals of Arkansas
Division I
Opinion delivered October 8, 1997

*Robert A. Newcomb* and *Harry P. Stuth*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *James D. Lawson*, for appellee.

JOHN MAUZY PITTMAN, Judge. Lee Moore has appealed from a default judgment for appellee, Taylor Sales, Inc., entered against him by the Pulaski County Circuit Court. We hold that the circuit judge did not abuse his discretion in entering a default judgment against appellant and affirm.

In June 1995, appellee sued Architectural Exteriors, Inc., doing business as Architectural Exterior Innovations, Inc., and

Randy Harris, Mike Renfroe, George Abbe, and appellant, doing business as Architectural Exteriors, Inc., and Architectural Exterior Innovations, Inc., for $19,467.78. Appellant was personally served with process on June 13, 1995, and also accepted summonses for Architectural Exteriors, Mike Renfroe, and Randy Harris on that date.

The defendants failed to file timely answers, and on July 19, 1995, appellee moved for default judgment. On July 24, 1995, Harry Stuth, Jr., a Texas attorney, filed an answer for all defendants except Mr. Abbe. In November 1995, appellant filed for summary judgment. A hearing on the motion for summary judgment was held on November 27, 1995. Although the transcript of that hearing is not in the record, appellant filed on that date a response to the motion for default judgment, stating that he was caught by surprise at the hearing when the issue of the default judgment was brought up. On December 7, 1995, appellant filed a pleading arguing that, although he had delivered the petition to his attorney in a timely manner, his attorney had, through inadvertence and mistake, allowed the response time to elapse without filing an answer. Appellant explained that Mr. Stuth was recovering from a heart transplant that had taken place on May 15, 1995, and was working two hours a day when appellant delivered the complaint to him. The circuit judge entered a default judgment against all defendants on December 11, 1995.

Appellant moved to set aside the default judgment. In support of this motion, Mr. Stuth filed an affidavit wherein he stated:

> 3. I know that Lee Moore delivered to me copies of the Plaintiff's petition on or about June 24, 1995. I know that I contacted James Lawson, Esq., attorney for Plaintiff within several days and discussed possibility of settling this cause of action. I know that I contacted him several more times within the next 14 day period.
>
> 4. During this period of time I had just returned to the office from receiving heart transplant surgery on May 15, 1995. I was working at the office on a three to four day a week basis, three hours a day, after having been out of the office for approximately seven weeks.
>
> 5. I know that the unusual [sic] procedures that are employed in my office when I am retained by Defendant with regard to due

dates for answers and other pleadings were not instituted in this case by mistake and inadvertence. As a result, the Answer of the Defendants I represent was not filed timely but was filed on July 24, 1995, 30 days after service was obtained on Mr. Moore and the two corporations.

6. The reason for this failure to file timely was not the result of conscious indifference, or failure of the Defendants to bring to my attention this cause of action, but only the mistake and inadvertence that occurred in my office. The error was the direct result of the somewhat abnormal state of my office having been gone for almost seven weeks, and being able to work only two to three hours a day. I am in solo practice; I am in an office with other attorneys who can help to some extent, but they were unable to take over all of the work that was pending at the time my heart trouble began. As a result, a mountain of work to be performed accumulated which kept me from operating in a normal and efficient manner.

On February 29, 1996, the circuit judge set aside the default judgment as to Architectural Exteriors, Inc., Architectural Exterior Innovations, Inc., Mr. Renfroe, Mr. Harris, and appellant. On June 17, 1996, a hearing was held to determine whether appellee was entitled to a default judgment against appellant and the other defendants. Mr. Stuth testified that he had received the complaint sometime around June 20 and that, during the month of June and most of July, he was working at his office for an hour a day. He testified that he had received a letter from appellee's counsel, James Lawson, dated July 25, 1995, wherein he stated that he did not intend to pursue the motion for default judgment in order to allow the defendants time to submit a settlement proposal. Mr. Stuth admitted that appellee's counsel had not told him that he did not need to file an answer.

On June 26, 1996, the circuit judge entered a default judgment for appellee against appellant and Architectural Exteriors, Inc., and dismissed the complaint against Mr. Renfroe, Mr. Harris, and Architectural Exterior Innovations, Inc. Although Architectural Exteriors, Inc., joined appellant in filing the notice of appeal, it has not filed a brief on appeal to this court.

██ The standard by which we review the granting of a motion for default judgment is whether the trial court abused its

discretion. *Maple Leaf Canvas, Inc. v. Rogers*, 311 Ark. 171, 842 S.W.2d 22 (1992); *Divelbliss v. Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992); *B&F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). Default judgments are not favorites of the law and should be avoided when possible. *B&F Eng'g, Inc. v. Cotroneo, supra.* In 1990, the supreme court amended Rule 55 by making it more lenient, and allowing more discretion to trial courts in deciding whether to enter a default judgment. The revised rule reflects a preference for deciding cases on the merits rather than on technicalities. *Divelbliss v. Suchor, supra; B&F Eng'g, Inc. v. Cotroneo, supra.* Under former Rule 55(c), a default judgment could be set aside upon a showing of "excusable neglect, unavoidable casualty, or other just cause." The new Rule 55(c) reads as follows: "The court may, upon motion, set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (4) any other reason justifying relief from the operation of the judgment."

■■ Appellant argues that the default judgment should be set aside because he did not receive three days' written notice of the November 27, 1995, hearing. It is clear, however, that the circuit judge set aside the default judgment entered after that hearing. Accordingly, appellant has suffered no harm from any irregularity inherent in that proceeding. As for the June 1996 hearing, the abstract of the record provided by appellant does not indicate that appellant made any objection to the entry of default judgment on this ground. We therefore need not consider this argument. *See Reeves v. Hinkle*, 326 Ark. 724, 934 S.W.2d 216 (1996).

■ Appellant also argues that he was led to believe that appellee would not pursue the motion for default judgment. Appellee responds that it did not intend to waive its right to pursue a default judgment but simply waited while settlement discussions were under way. Although the amended version of Rule 55 gives the trial court more discretion in determining whether to enter a default judgment, appellee is correct in arguing that there is no provision under Arkansas law for "waiver" of the right to a default judgment. *See Lewis v. Crowe*, 296 Ark. 175, 752 S.W.2d 280 (1988). As we stated in *Bell v. Lee*, 8 Ark. App. 139, 142, 648 S.W.2d 524, 525 (1983):

Although we realize that most litigants strive to resolve their differences outside of the courtroom and that many controversies are in fact settled on the courthouse steps, a party to a suit is not relieved of the responsibility of adhering to the rules of civil procedure and must file an answer within the statutory time.

■ Appellant also argues that it was error for the circuit judge to enter a default judgment because he has a meritorious defense to the complaint. It is true that Ark. R. Civ. P. 55(c) requires that the party seeking to have the judgment set aside must demonstrate a meritorious defense to the action. In *Maple Leaf Canvas, Inc. v. Rogers, supra,* Maple Leaf also argued that it had a meritorious defense and that no prejudice had resulted to the appellees. The supreme court addressed this argument as follows:

> The mail sat on Oates's desk for two months. No reason for the lapse is offered. Rather, Maple Leaf contends that no prejudice resulted to the appellees and that it has a meritorious defense. Maple Leaf, however, must first satisfy the court that a threshold reason exists for denying default judgment. The reason it presents is not convincing. The failure to answer the complaint seems due more to carelessness or, . . . a result of not attending to business.

311 Ark. at 174, 842 S.W.2d at 24. *Accord Truhe v. Grimes,* 318 Ark. 117, 884 S.W.2d 255 (1994).

■ Therefore, our focus must be upon whether appellant's failure to file a timely answer amounted to excusable neglect as provided in Rule 55(c). Appellant points out that, under revised Rule 55, the reporter's notes state that the rule should be interpreted in accordance with federal case law:

> In deciding whether to enter a default judgment, the court should take into account the factors utilized by the federal courts, including: whether the default is largely technical and the defendant is now ready to defend; whether the plaintiff has been prejudiced by the defendant's delay in responding; and whether the court would later set aside the default judgment under Rule 55(c).

With these considerations in mind, we note that "excusable neglect" was also included in the rule before the 1990 amend-

ment. Therefore, pre-1990 cases dealing with an attorney's neglect are still relevant. Without doubt, the cases dealing with an attorney's neglect that were decided before the 1990 amendment to Rule 55 would support the trial court's decision. In *Allen v. Kizer*, 294 Ark. 1, 740 S.W.2d 137 (1987), the supreme court affirmed the circuit court's refusal to render a default judgment because the complaint had failed to state facts sufficient to state a cause of action. The court noted, however, that an attorney who had filed an answer one day late had failed to show excusable neglect. Although he had drafted an answer on the morning of the day it was due, he was distracted late that afternoon by a meeting with his partners and neglected to file the answer that day. The court stated:

> In *DeClerk v. Tribble*, 276 Ark. 316, 637 S.W.2d 526 (1982), the attorney prepared an answer, but he put it in a place where it was covered by other papers, and as a result, it was not discovered until four days after its due date. We held that the trial judge abused his discretion in condoning such negligence by refusing to grant a default judgment. We stated, "If such carelessness is excusable, then any attorney can shift the responsibility for filing any pleading to his secretary by simply dictating the pleading and dismissing the [matter] from his mind."

> We see no basic difference in *DeClerk* and this case. If the attorney believed that the problem with the associate was of such importance that it demanded his full attention, he could have delegated the responsibility for filing to another attorney in the firm, who would have understood the necessity of a timely filing. Instead, he merely failed to take any action on the matter. The fact that the answer was filed only one day late is of no consequence whatsoever.

> We state without reservation that the attorney of the employees responsible for the late filing failed to show excusable neglect, unavoidable casualty, or other just cause. Accordingly, we conclude that the trial court erred in finding that the attorney's conduct was excusable and, thus, in allowing the answer to be filed.

294 Ark. at 5, 740 S.W.2d at 139.

This issue was also presented in *Meisch v. Brady*, 270 Ark. 652, 606 S.W.2d 112 (Ark. App. 1980), wherein we reversed and remanded a circuit court's setting aside of a default judgment and stated:

> It is beyond debate that illness of a party's counsel, so severe as to prevent him from appearing in behalf of his client, is an appropriate ground for vacating a default judgment provided the party litigant did not know of it in time to retain other counsel or was prevented in some way from doing so; otherwise, such illness of counsel is not grounds for setting aside the judgment. *See* C.J.S., *Judgments*, § 334, page 624; *Johnson v. Jett*, 203 Ark. 861, 159 S.W.2d 78 (1942).

> This record, to say the very least, does not demonstrate in any way that appellee's attorney's purported illness was so severe as to prevent him from filing an answer within the allotted time provided under law. The record tends to support a conclusion that the appellee's predicament could have been avoided by the exercise of care or diligence. . . . Indifference, inattention and inexcusable negligence are not the same as excusable neglect. These terms are incomparable.

270 Ark. at 658–59, 606 S.W.2d at 115.

*B&F Engineering, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992), is the leading case on the issue of excusable neglect since Rule 55(c) was amended in 1990. In that case, the complaint and summons were served on B&F, which forwarded them to its liability insurer. No answer was filed, and Cotroneo moved for a default judgment. B&F responded with a general denial, arguing that its failure to file an answer was due to mistake, inadvertence, or excusable neglect by its insurer in failing to notify its counsel of the action. The insurer's claims examiner filed an affidavit explaining that he had received the complaint but had failed to recognize that it was a separate cause of action from a pending suit arising out of the same accident and which the insurance company was already defending. In the affidavit, he stated that he had not notified the company's attorney of the Cotroneo complaint. After a hearing, the circuit court entered a default judgment against B&F. On appeal, the supreme court acknowledged that the 1990 amendment to Rule 55(c) was intended to liberalize

Arkansas practice regarding default judgments and should be interpreted in accordance with federal law. Nevertheless, it was not persuaded that the discretion of the trial court had been abused under the circumstances. The court stated:

> That observation may seem inconsistent with our affirmance of the default judgment in this case; however, we do not mean to retreat from the intent and spirit of the recent amendment to Rule 55 and choosing between those conflicting policies in this case was not an easy task. While we subscribe to the concept of efficient and expeditious disposition of litigation, we recognize as well that the interests of justice are generally best served when cases are resolved on the merits. Nevertheless, under the circumstances of this case we are constrained to hold that the trial court did not abuse its discretion by granting the default judgment in favor of the appellant. To hold otherwise would, we believe, give sanction to a slipshod treatment of writs of summons by defendants.

309 Ark. at 179, 830 S.W.2d at 837. The supreme court also noted that federal courts had not been liberal in treating defaults attributable to the inaction of insurance companies as excusable.

In *Divelbliss v. Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992), the supreme court again noted that, in determining whether a trial court abused its discretion in refusing to set aside a default judgment, the reason for failure to respond should be considered on a case-by-case basis. The supreme court affirmed the trial court and stated: "The proof from the record discloses nothing more than carelessness on the part of the agent, and, on such proof, the trial court ruled correctly in refusing to set aside the default judgments." 311 Ark. at 13, 841 S.W.2d at 602-03.

*Truhe v. Grimes*, 318 Ark 117, 884 S.W.2d 255 (1994), provides guidance in this case. There, the supreme court affirmed the circuit court's denial of a motion to set aside a default judgment. Truhe had moved to set aside the default judgment, asserting that he had immediately turned over the summons to his insurance company and had been assured by its agent that it would defend the suit. Truhe argued that the insurance company's negligence should not be attributable to any action or inaction on his part. In rejecting his argument, the supreme court drew an analogy

between the attorney-client relationship and that of an insurer and insured and noted that both involve a contractual relationship, the prime purpose of which is to handle the litigation within the framework of judicial proceedings. The supreme court acknowledged that the 1990 amendment to Rule 55(c) was intended to liberalize Arkansas practice regarding default judgments but pointed out that it had long held clients responsible for the acts of omission or commission of their attorneys.

Here, it is undisputed that appellant was personally served with process and that he delivered the summons and complaint to Mr. Stuth, his lawyer, soon thereafter. Although Mr. Stuth had had a heart transplant the month before, he was working in his office for an hour or so three to four days a week and assured appellant that a response would be filed. Mr. Stuth kept his office open during the relevant time period and did not associate another attorney to help him prepare and file this answer. Under these facts, we cannot say that the circuit judge abused his discretion in granting the default judgment to appellee.

Affirmed.

AREY and CRABTREE, JJ., agree.