WALDRON MANUFACTURING CORPORATION *v.* KINCANNON, JUDGE.

4-5447                                                     124 S. W. 2d. 968

Opinion delivered February 13, 1939.

*Bates & Poe* and *Pryor & Pryor,* for petitioner.

*Ward Martin, Sam T. & Tom Poe* and *Evans & Evans,* for respondent.

HOLT, J. Petitioners, Waldron Manufacturing Corporation, with its only office and place of business in Scott county, Arkansas, and E. L. Mock, also a resident and citizen of Waldron, Scott county, Arkansas, appeared specially in the Logan circuit court, southern district, and filed their motion to quash the service upon E. L. Mock on the ground that said service was served upon the said E. L. Mock on Sunday, contrary to the statute. This motion was overruled, and this action is brought in this court for a writ prohibiting the Logan circuit court and the judge thereof from proceeding further in the premises.

The petition is as follows: "Come now the above named petitioners, and each of them, and allege and show to the court that on the 30th day of October, 1938, the same being Sunday, one Earl Neely filed in the Logan circuit court, southern district, a complaint for alleged personal injuries alleged to have resulted from an accident which is alleged to have occurred on the 18th day of April, 1936, at Waldron, Scott county, Arkansas, against the above-named petitioners, and that said complaint has been since the date of filing and is now pending in the court aforesaid; that purported service of summons was had upon the petitioner, E. L. Mock, on the 30th day of October, 1938, said day being Sunday, in the southern district of Logan county while said Mock was passing through by automobile the said southern district of Logan county; that purported service of summons was thereafter had on petitioner, Waldron Manufacturing Corporation, on the 4th day of November, 1938, in Scott county, Arkansas; that at the time said suit was filed and purported service had upon the petitioner, E. L. Mock, and when the purported service was had upon the petitioner, Waldron Manufacturing Corporation, the said Earl Neely and both of the petitioners were residents of

Scott county, Arkansas, where they had all been such residents for a period of years, and none of said parties were residents nor did they have a place of business in the southern district of Logan county; that said Earl Neely could have at any time either prior to Sunday, October 30, 1938, or on any day thereafter obtained valid service of summons on either of the petitioners herein. Petitioners state that the purported service of summons on the petitioner, E. L. Mock, on Sunday was invalid, illegal and of no effect, and the exception permitting service on Sunday, as provided for in § 1345 of Pope's Digest of the Statutes of Arkansas, was not available where the plaintiff sought to obtain service on defendants who both resided in a neighboring county and in the county where the plaintiff resided and where service could be had on any week day either prior to or subsequent to Sunday.

This plaintiff was further prevented from obtaining legal service on Sunday and coming within the exception mentioned in the statute by reason of the fact that at the time this suit was filed in the Logan circuit court, southern district thereof, a suit involving the same cause of action was pending between the plaintiff, Earl Neely, and the defendant, Waldron Manufacturing Corporation, and no attempt had even been made to make petitioner, E. L. Mock, a party to that suit, although service could be had upon the said Mock at any time should the plaintiff have so desired. This suit pending in the Waldron circuit court was not dismissed until this suit was filed in the Logan circuit court, southern district thereof. Furthermore, as the record attached to this petiiton shows, the said Earl Neely is a near relative of petitioner, E. L. Mock.

The complaint filed in the Logan circuit court, southern district thereof, was prepared by one of the attorneys for the said Neely, on Saturday preceding the Sunday on which service was had. Petitioners state that the said E. L. Mock was inveigled and tricked into passing through the southern district of Logan county, Arkansas, for the purpose of

obtaining service upon him; that on the 21st day of November, 1938, the petitioners herein, without entering their appearance in the Logan circuit court, southern district, appeared specially and filed in said court a motion to quash the purported service of summons upon these petitioners, and said motions were heard by the court and evidence taken on the 20th day of December, 1938. Said motions to quash were overruled and denied by the court over the objections and exceptions of petitioners, and said court and the judge thereof, the Honorable J. O. Kincannon, has assumed to take jurisdiction of the claimed cause of action of the said Earl Neely against these petitioners, and has set said cause for trial in the circuit court of Logan county, southern district thereof, and that unless prohibited by order of this court will proceed with the trial of the cause of the said Earl Neely against these petitioners. That by reason of the matters and things herein set forth, (the record and evidence taken at the hearing, where the facts are undisputed), said court is wholly without jurisdiction of these petitioners or either of them. That a complete transcript of the proceedings in the Logan circuit court, southern district thereof, including the evidence taken at the hearing aforementioned, is attached hereto and made a part of this petition. That notice has been given to all of the interested parties that this petition would be filed on this date. Wherefore, premises considered, petitioners pray that a temporary writ of prohibition be issued against the Logan circuit court, southern district, and the Honorable J. O. Kincannon, the judge thereof, prohibiting said court and said judge from further proceeding in the case of Earl Neely v. Waldron Manufacturing Corporation and E. L. Mock until the further order of this court; that upon final hearing of this petition said writ of prohibition be made permanent and perpetual and that petitioners have all other proper relief.'' This petition was properly sworn to and verified by one of the attorneys for petitioners.

The complaint, upon the filing of which the service of summons in question was had, was filed on the 30th day

of October, 1938, on a Sunday. It is a suit for personal injuries alleged to have been sustained on the 18th day of April, 1936, at Waldron, Arkansas, in the plant of petitioner, Waldron Manufacturing Corporation. It is alleged that E. L. Mock, petitioner, was the fellow-servant whose negligence caused the accident and that he is a resident of Scott county, Arkansas. The summons was served on E. L. Mock on October 30, 1938, Sunday, in the southern district of Logan county, Arkansas. The affidavit of one of the attorneys for the plaintiff on which the right to the service of summons is based, was made and filed with the clerk of the Logan circuit court on the 30th day of October, 1938, Sunday, and is as follows: ''Chas. I. Evans on oath states that he is agent and attorney for Earl Neely; that service may not be had upon the defendant, E. L. Mock, after today in the southern district of Logan county, Arkansas, so far as affiant knows and believes.'' Both petitioners appeared specially and filed separate motions to quash the summons and the service thereof, which motions were overruled by the court on the 20th day of December, 1938.

The facts as disclosed by the record, substantially are: E. L. Mock, one of the petitioners, has lived 20 years at Waldron, Scott county, Arkansas, and is now a resident of that place. He was served with summons on Sunday, the 30th day of October, 1938, about a mile south of Booneville, Arkansas, while he was returning from a visit to his wife's daughter at Ratcliff, Arkansas. He went from Waldron to Ratcliff by the way of Greenwood, Arkansas, but returned by way of Booneville, Arkansas, and had never before made the trip by the way of Booneville. His wife is about a third or fourth cousin of the plaintiff, Earl Neely. He had not talked to Earl Neely about the case. His wife had talked to Neely about a week before the Sunday in question. Earl Neely lives in Waldron, Scott county, Arkansas, and has for a great number of years. Earl Neely could have gotten service on petitioner, E. L. Mock, any day in the past year or more in Scott county, Arkansas, where they both resided.

Miss Ruth Lyman, deputy circuit clerk at Booneville, testified that she issued the summons on request of one

of plaintiff's attorneys and docketed the case, that the affidavit was made by Mr. Evans before her and that he told her Mr. Mock was at Ratcliff and he thought he might get service on him as he came through Booneville.

Mr. Evans testified that he is one of the attorneys for the plaintiff and caused the complaint to be filed in the case and summons to be issued; that he had information that Mr. Mock would be visiting Ratcliff on the next day; that Mr. Neely gave him the information that Mr. Mock was going over to Ratcliff; that he got Miss Lyman to file the papers, got the process and an officer and they caught Mr. Mock about a mile and a half south of Booneville. Mr. Earl Neely testified that he learned of Mock's intended trip on Saturday from Neely's little girl and that he so advised Mr. Evans. He testified that at the time of the service in question on Sunday that he had a suit pending at Waldron, Arkansas, against the Waldron Manufacturing Corporation but not against Mr. Mock upon the same cause of action; that Mrs. Mock was a second cousin to his mother; that he had not planned to take his suit any certain place; that he was in a car running along behind the Mocks.

Mr. Burnett testified that he is an official of the Waldron Manufacturing Corporation and that this company does no business in Logan county; that their place of business is at Waldron.

On this state of the record, petitioners earnestly insist that the service of summons so had on Sunday is void and of no effect and that the writ of prohibition should be granted.

As a general rule, service of summons on Sunday is void and of no effect. Our statute forbids the execution of process on Sunday except in special cases and in cases of urgent necessity. As was said in a very early case of this court, that of *Haines et al* v. *McCormick,* 5 Ark. 663, "This principle is founded upon the moral sentiment of a Christian people, which all just governments respect and obey." Again it has been said: "The Christian Sabbath is wisely recognized by law as a 'day of rest' to be devoted to religious contemplation and observance, free from secular disturbance. And, to aid in securing it

against desecration, statutes have been enacted." *Chaney* v. *Stacy,* 247 Ky. 520, 57 S. W. 2d 530. This court said in *Rosenbaum* v. *State,* 131 Ark. 251, 199 S. W. 388, L. R. A. 1918B, 1109: "The history of the origin of the Sabbath and of the legislation which has been enacted to preserve and perpetuate Sunday or the Christian Sabbath as a civil institution is a subject upon which volumes have been written, but the above brief resume sets forth the salient features that are indispensible for the correct interpretation of the meaning of the words 'necessity, comfort or charity' as used in the act under review. Christ in expounding what he and those of the Christian faith believed to be the divine law as contained in the Fourth Commandment, did not specifically designate the labor which it was lawful to perform on the Sabbath day as works of necessity, comfort or charity. Yet a critical analysis of his examples and precepts illustrating the character of deeds that might lawfully be done on the Sabbath day demonstrates clearly that it was only such labor as might be properly classed as that of daily necessity, comfort or charity." Unless, therefore, the service in the instant case comes within the exception provided for in § 1345 of Pope's Digest, it must be declared void and of no effect. Section 1345 is as follows: "A summons, subpoena, notice, order of arrest or of injunction may be issued on any holiday, except Sunday, and on Sunday where the officer having the process believes, or an affidavit of the plaintiff or some other person is made to the effect that affiant believes, that the process can not be executed after such holiday." Respondents insist that they have brought themselves within the terms of this section and that, therefore, the service must be held good. To this contention of respondents, we can not agree.

It will be noted from reading the affidavit of one of the attorneys for the plaintiff that it does not state "that the process can not be executed after such holiday", as required by the statute, but contents itself by saying "that service may not be had upon the defendant, E. L. Mock, after today in the southern district of Logan county, Arkansas." We hold that the Legislature meant by the above section 1345 of Pope's Digest, that in order

to permit the service of the process on Sunday the said process or service could not be had anywhere within the State of Arkansas after such Sunday. The undisputed facts in this case show that all of the parties to this case, including E. L. Mock, were residents of Waldron, Scott county, Arkansas, and had been such residents for a great many years and well known to each other, none of them living in Logan county. Service could have been had on E. L. Mock at any time in Scott county, or elsewhere in the State of Arkansas, this being a transitory action, wherever he might be found and suit filed against him and the petitioner, Waldron Manufacturing Corporation, on any day except Sunday. The affidavit in question says that service may not be had upon E. L. Mock after today (which was Sunday) in the southern district of Logan county, Arkansas. It does not say that service could not have been had on Mock in any other of the seventy-four counties of this state. There is no necessity that Mock should be sued in the southern district of Logan county, Arkansas. There is no evidence reflected by this record to the effect that E. L. Mock was putting himself beyond the jurisdiction of the courts of this state. The affidavit in question does not say that service could not be had on the defendant Mock on any other day, but it does say that service could not be had on Mock on any other day in the southern district of Logan county. The necessity contemplated by the statute is not shown in this case. We are of the opinion that the affidavit in question is not sufficient and falls short of the requirements of the statute.

We have carefully examined the Kentucky case of *Chaney* v. *Stacy,* 247 Ky. 520, 57 S. W. 2d 530, relied upon by respondents, and we are of the opinion that it does not control here.

Respondents have filed a petition seeking the right to have the officer's return corrected to speak the truth and show that he received the affidavit in question when the summons was given him for service on defendant Mock and that it was returned and filed with the clerk by him after the summons was served. We may test the return as being actually amended in the respect sought,

yet when so amended, we hold that there remains absent any showing of necessity for the service of the writ on Sunday.

We conclude, therefore, that the writ of prohibition asked for should be granted, and it is so ordered.

HUMPHREYS and MEHAFFY, JJ., dissent.