**Lois TURNER n/k/a Bruns, Petitioner–Appellant,**

v.

**Howard L. TURNER, Respondent.**

No. 58194.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 13, 1991.

**573**

James and Dalton, David A. Dalton, II, Wentzville, for petitioner-appellant.

Robert M. Wohler, O'Fallon, for respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a judgment awarding the appellant an increase in child support maintenance and partial attorney's fees arising out of a hearing to modify a dissolution decree.

Appellant complains that the trial court only increased the child support from the original decree of $25.00 per week to $43.50 per week and that respondent was ordered to pay $360.00 of her $720.00 attorney's fee. The motion to modify was heard on January 31, 1990 and the judgment was rendered on February 26, 1990.

Appellant claims that the trial court erred in ignoring the Missouri Supreme Court Rule 88 Child Support Guidelines. According to the appellant's calculations as per the guidelines, the trial court should have awarded the appellant $94 per week for support of the child. She asserts that the Eleventh Circuit, in October 1989, adopted Rule 88 and therefore, the trial court should have followed the dictates of Rule 88.01. The rule provides that if the formula is followed the trial court must calculate the child support award as per the formula. If the court does not follow the guidelines, it must state in writing a specific finding on the record that in consideration of all the factors the amount authorized under the formula is unjust or inappropriate.

Thus, the issue in this case is, was the trial court mandatorily obliged to follow the rule.

A reading of the motion adopted by the en banc court meeting reveals that the Eleventh Circuit "adopted the new child support guideline as a local rule and the court was to use it immediately upon filing a copy of the rule with the Clerk of the Supreme Court." We were never favored with a copy of the rule sent to the Clerk of the Supreme Court but we must assume the provisions of the local rule were consistent with Rule 88 of the Supreme Court. *See* Rule 50.01.

■ The Supreme Court adopting order provided that the provisions of Rule 88.01 "may be followed until April 1, 1990, and they *shall* be followed on and after April 1, 1990." *See* Vol. 773 Southwestern Reporter, p. XXXVII, 1990. (Emphasis added).

Since this matter was heard and decided prior to April 1, 1990, the trial court had the option to follow the new Rule 88.01 or to determine in its discretion the appropriate amount of child support according to the evidence.

■ A review of the testimony reveals that the only child of the marriage was born on August 27, 1972 and has been in the custody of the appellant since the dissolution. Over the past two years prior to the modification hearing, she ran away from the appellant's trailer home, used drugs, has been in trouble with the law enforcement authorities, fled from her father's home while in his temporary custody, and at the time of hearing was pregnant and staying at the putative father's

parents' home in Texas. At that time she was approximately eight months pregnant. Her recent scholastic record was abominable. She had not attended school for almost two years. She had been employed for awhile in a grocery store but quit. She worked as a hostess in a restaurant in Texas but discontinued her employment due to her physical complications. Both appellant and respondent were employed. The respondent was current in his child support payments.

As we mentioned above, the trial court was not mandatorily required to follow the guideline's formula and after a review of the evidence we find the court did not abuse its discretion in its modification award of child support. Appellant's points one and two are denied.

Appellant's claim that the trial court erred in its award of attorney's fees is without merit. We have said numerous times that the trial court is an expert in the awarding of attorney's fees and such award will not be disturbed unless it is unconscionable or unjust. A review of the evidence finds neither criteria and we deny appellant's third claim of error.

We affirm.

KAROHL and GRIMM, JJ., concur.