MAPLE LEAF CANVAS, INC. *v.* Michael ROGERS and Serena Rogers

92-469                                                    842 S.W.2d 22

Supreme Court of Arkansas
Opinion delivered November 23, 1992

*John P. Lewis*, for appellant.

*Sky Tapp*, for appellee.

ROBERT L. BROWN, Justice. The sole issue in this case is whether the circuit court abused its discretion in entering a default judgment against the appellant, Maple Leaf Canvas, Inc. We hold that it did not, and we affirm the judgment.

The appellees, Michael Rogers and Serena Rogers, reside in Hot Springs in Garland County, and Maple Leaf does business in North Little Rock in Pulaski County. In April 1989, Maple Leaf sold a 175-foot canvas canopy to the appellees. That canopy developed problems and was replaced under warranty a year later by the manufacturer, United Textile. The second canopy then began to leak, and the appellees demanded a second replacement. When that was not forthcoming, they filed suit in Garland County on May 22, 1991. Service on Maple Leaf was attempted by certified mail, return receipt requested in North Little Rock, but the letter was not received, and service was not effected.

An attorney ad litem for Maple Leaf was appointed in Garland County. That attorney sent a certified letter, return receipt requested, restricted delivery, to Maple Leaf on June 6, 1991, advising it of the lawsuit and of the fact that a warning order was being published and enclosing a copy of the complaint and summons. The letter was addressed to Maple Leaf Canvas, Inc., c/o E. Gordon Oates, registered agent for service. The green return receipt was addressed to E. Gordon Oates, Maple Leaf Canvas, Inc. The box on the receipt entitled "Restricted Delivery" was checked. The attorney also caused a warning order to be issued and published in the *Sentinel Record* in Garland County on June 18, 1991, and June 25, 1991, warning Maple Leaf to appear in court in thirty days.

On June 18, 1991, Ron West, vice president of Maple Leaf, accepted the certified letter and signed the receipt card as the

addressee. He then delivered it that same day, unopened, to Gordon Oates, the registered agent for service of process. The unopened letter with complaint and summons languished on Oates's desk until late August 1991, when he opened it and immediately contacted counsel.

The appellees moved for default judgment, and Maple Leaf responded that excusable neglect existed for the delay since service had not been properly effected on Maple Leaf. It further urged that it had a meritorious defense to the lawsuit. No challenge to the circuit court's personal jurisdiction was mounted by Maple Leaf. The circuit court refused to find excusable neglect and awarded judgment to the appellees in the amount of $6,800.

Our standard of review for the granting or denial of a motion for default judgment is whether the trial court abused its discretion. *B & F Engineering* v. *Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992); *Cammack* v. *Chalmers*, 284 Ark. 161, 680 S.W.2d 689 (1984). We have noted in our cases that default judgments are not favored in the law and that a default judgment may be a harsh and drastic result affecting the substantial rights of the parties. *CMS Jonesboro Rehabilitation, Inc.* v. *Lamb*, 306 Ark. 216, 812 S.W.2d 572 (1991); *Burns* v. *Madden*, 271 Ark. 472, 609 S.W.2d 55 (1980). We have also stated that failure to attend to business is not excusable neglect. *CMS Jonesboro Rehabilitation, Inc.* v. *Lamb, supra.*

To accomplish service by mail under Rule 4 of the Arkansas Rules of Civil Procedure, the return receipt must be signed by the addressee or the agent of the addressee. We have stated that requirements under Rule 4, being in derogation of common law, must be strictly followed. *Cole* v. *First National Bank, supra; citing Wilburn* v. *Keenan Cos.* 298 Ark. 461, 768 S.W.2d 531 (1989).

Personal jurisdiction is not at issue in this appeal because Maple Leaf does not contest it. Maple Leaf raises only the defense of excusable neglect due to the fact that the corporation's registered agent, Gordon Oates, did not sign for the letter. Thus, the question confronting us concerns the identity of the addressee — Maple Leaf or E. Gordon Oates — because the letter was sent in care of Oates. The circuit court stated at the hearing that the letter spoke for itself on this point. We conclude, as the circuit

court undoubtedly did, that Maple Leaf was the addressee. The letter was addressed to Maple Leaf, and Maple Leaf was the party defendant. In these circumstances, it is incumbent upon the entity seeking to utilize the defense of excusable neglect in order to set aside the default judgment to show that the receipt card was signed by someone other than the addressee or someone not authorized under Ark. R. Civ. P. 4(d)(5). Ron West, a vice president of Maple Leaf, signed the return receipt on the addressee line for Maple Leaf. Nothing in the record refutes Ron West's authority to accept Maple Leaf's mail. He then promptly turned the mail over to Gordon Oates, registered agent for service.

The mail sat on Oates's desk for two months. No reason for the lapse is offered. Rather, Maple Leaf contends that no prejudice resulted to the appellees and that it has a meritorious defense. Maple Leaf, however, must first satisfy the court that a threshold reason exists for denying default judgment. The reason it presents is not convincing. The failure to answer the complaint seems due more to carelessness or, as in the case of *CMS Jonesboro Rehabilitation, Inc.* v. *Lamb, supra*, a result of not attending to business.

The circuit court did not abuse its discretion, and this court will not disturb the decision of the trial court absent an abuse of discretion. *Wilburn* v. *Keenan Companies, Inc., supra*.

Affirmed.