Cite as 2023 Ark. App. 530

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-22-86

JAMES ROBERT MACOM,
INDIVIDUALLY AND D/B/A BENSON
HOME REPAIR; AND CHRISTY
BENSON

APPELLANTS

V.

PETER P. DI CRESCE AND DELORES
DI CRESCE, BY AND THROUGH
THEIR POWERS OF ATTORNEY, JOY
CHRISTIE DI CRESCE AND JUANTIA
DI CRESCE

APPELLEES

Opinion Delivered November 15, 2023

APPEAL FROM THE SHARP
COUNTY CIRCUIT COURT
[NO. 68CV-21-5]

HONORABLE ROB RATTON,
JUDGE

AFFIRMED IN PART; REVERSED AND
REMANDED IN PART

**STEPHANIE POTTER BARRETT, Judge**

The Appellants, Robert Macom and Christy Benson, appeal from the Sharp County

Circuit Court's grant of a motion to strike their answer and the resulting default judgment.

Peter P. Di Cresce and Dolores Di Cresce, through their powers of attorney, Joy Christie Di

Cresce and Juanita Di Cresce, filed this case against Robert Macom, Jody Benson, and

Christy Benson, individually and d/b/a Benson Home Repair, for fraudulently representing

themselves as experienced licensed contractors and then breaching oral and written contracts

to remodel the Di Cresces' home. In their complaint, the Di Cresces alleged that Robert

Macom is partners with Christy and Jody Benson, and despite receiving full payment,

Macom and the Bensons left the home with the work largely unfinished, and what work had been completed was far below a professional standard.

The Di Cresces filed their complaint on January 11, 2021. Macom was served with a copy of the summons and complaint on Sunday, January 24. The summons listed Macom's name as "Robert Macom," but Macom asserts his legal name is James Robert Macom. Macom filed his answer on February 24, one day late. Christy Benson also filed her answer one day late. Jody Benson filed a timely answer. The Di Cresces filed a motion to strike Christy Benson's and Robert Macom's answers and for default on March 16. On July 22, the court entered its order to strike the answers of Macom and Benson and found them in default. On November 9, Macom filed a motion for new trial and motion for reconsideration. The circuit court did not rule on that motion, and that motion was therefore deemed denied on December 9. This appeal arises from the circuit court's order striking Macom's and Benson's answers and granting a default judgment against Macom and Benson pursuant to Ark. R. App. P.–Civ. 2(a)(4).

Appellant Macom alleges the default judgment is void because the summons incorrectly identified him; service of process on Sundays is generally prohibited; and the circuit court abused its discretion in granting a default judgment because default judgments are disfavored by the law. Appellant Benson alleges the circuit court abused its discretion when it did not apply the common-defense doctrine, striking her answer and entering a default judgment against her.

We have stated that we review a circuit court's grant or denial of a motion to set aside default judgment for abuse of discretion. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996). Despite default judgments being disfavored by courts, issuing a default judgment when a defendant fails to timely respond to a complaint under Arkansas Rule of Civil Procedure 55 is not an error of law or against the preponderance of the evidence. Our standard of review for an order denying a motion to set aside a default judgment depends on which grounds the appellant claims the default judgment should be set aside. *Steward v. Kuettel*, 2014 Ark. 499, 450 S.W.3d 672. When an appellant claims that the default judgment is void, we conduct a review de novo and give no deference to the circuit court's ruling because the matter on appeal is a question of law. *Glover v. Glover*, 2020 Ark. App. 89, 595 S.W.3d 54. In all other challenges to the denial of a motion to set aside a default judgment, we do not reverse absent an abuse of discretion.

Macom admits that his answer was not timely filed. Macom first argues that the circuit court erred in failing to set aside the default judgment because his failure to file an answer was the result of excusable neglect under Ark. R. Civ. P. 55(c). Rule 55(c) provides in relevant part that mistake, inadvertence, surprise or excusable neglect may allow the court to set aside a default judgment. Macom argues that his answer was only one day late, and he has a meritorious defense to the allegations in the complaint. Although he argues that he has a meritorious defense, he provides no evidence of this defense in any of his pleadings. Further, the fact that Macom may have offered a meritorious defense to the underlying claim

3

is not sufficient to support setting aside the default judgment. While it is true that defendants wishing to set aside default judgments must demonstrate a meritorious defense to the action, the defense in and of itself is not sufficient without first establishing one of the grounds laid out in Rule 55(c). *S. Transit Co. v. Collums*, 333 Ark. 170, 966 S.W.2d 906 (1998); *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996). Macom's argument to establish excusable neglect focuses on the extreme weather events in February 2021 as a force majeure that Macom was unable to control or avoid and that it led to shutdowns of businesses and services statewide and thereby led to a delay in his filing an answer. However, it is undisputed that the clerk's office was open on the day his answer was due. We find that inclement weather is not considered excusable neglect for failure to file a timely answer if the clerk's office is open on the day the answer is due.

Macom also argues because Rule 55(c) allows for "any other justifiable reason," the extreme weather should qualify as a justifiable reason for the untimely filing. However, the facts show that Macom had ten days after the storm to file a timely answer. As in *Maple Leaf Canvas, Inc. v. Rogers*, 311 Ark. 171, 842 S.W.2d 22 (1992), there is no record here demonstrating why the lawyers who represented Macom could not have ensured the timely filing of the motion. Moreover, the court has held that failure to attend to business is not excusable neglect. *Volunteer Transp., Inc. v. House*, 357 Ark. 95, 162 S.W.3d 456 (2004); *Maple Leaf Canvas, Inc.*, 311 Ark. 171, 842 S.W.2d 22; *CMS Jonesboro Rehab., Inc. v. Lamb*, 306 Ark. 216, 812 S.W.2d 472 (1991). Because Macom failed to demonstrate that his failure

4

to answer the summons was excusable neglect or any other justifiable reason, he was not entitled to have the default judgment set aside.

Macom further argues the court has recognized that default judgments are not favored in the law and that a default judgment may be a harsh and drastic result affecting the substantial rights of a party and promote their avoidance whenever possible. *B&F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992); *CMS Jonesboro Rehab., Inc.*, 306 Ark. 216, 812 S.W.2d 472. Notwithstanding, we have declined to set aside default judgments where the neglect or mistake is inexcusable. *Volunteer Transp., Inc.*, 357 Ark. 95, 162 S.W.3d 456; *Maple Leaf Canvas, Inc.*, 311 Ark. 171, 842 S.W.2d 22. Despite default judgments being disfavored by courts, issuing default when a defendant fails to timely respond to a complaint under Rule 55 is not an error of law or against the preponderance of the evidence as required by Arkansas Rule of Civil Procedure 59(a)(6) and (a)(8). In 1990, the Arkansas Supreme Court amended Rule 55 by making it more lenient and allowing more discretion to circuit courts in deciding whether to enter a default judgment, reflecting a preference for deciding cases on the merits rather than on technicalities. *Moore v. Taylor Sales, Inc.*, 59 Ark. App. 30, 953 S.W.2d 889 (1997); Ark. R. Civ. P. 55(a)–(c) (2005). The fact that the answer was filed only one day late is of no consequence whatsoever. *Allen v. Kizer*, 294 Ark. 1, 740 S.W.2d 137. In *Divelbliss v. Suchor*, 311 Ark. 8, 841 S.W.2d 600 (1992), the Arkansas Supreme Court again noted that, in determining whether a circuit court abused its discretion in refusing to set aside a default judgment, the reason for failure to respond should be considered on a case-by-case basis. In *Divelbliss*, the supreme court affirmed the circuit court's default

judgment and stated: "The proof from the record discloses nothing more than carelessness on the part of the agent, and, on such proof, the trial court ruled correctly in refusing to set aside the default judgments." 311 Ark. at 13, 841 S.W.2d at 602. In this case, counsel for Macom admits that he mistakenly calendared the date for filing the answer incorrectly partially because of inclement weather. *B&F Eng'g, Inc.*, 309 Ark. 175, 830 S.W.2d 835, is the leading case on the issue of excusable neglect since Rule 55(c) was amended in 1990. In *B & F Engineering, Inc.*, the supreme court said, in approving the circuit court's entry of a default judgment, stated,

> While we subscribe to the concept of efficient and expeditious disposition of litigation, we recognize as well that the interests of justice are generally best served when cases are resolved on the merits. Nevertheless, under the circumstances of this case we are constrained to hold that the trial court did not abuse its discretion by granting the default judgment in favor of the appellant. To hold otherwise would, we believe, give sanction to a slipshod treatment of writs of summons by defendants.

Macom and his attorney had ten days after the storm to file his answer on or before the due date. Granting the motion to strike his answer and entry of a default judgment by the court was not an abuse of discretion.

In his next argument, Macom alleges that the service of process was defective because the name on the summons does not correctly identify him as James Robert Macom. This allegation is disingenuous because throughout his pleadings and even in his notice of appeal, Macom refers to himself as Robert Macom. According to the undisputed evidence, Robert Macom and James Robert Macom are one and the same person. A misnomer is a mistake in naming a party. *Nucor Corp. v. Kilman*, 358 Ark. 107, 132, 186 S.W.3d 720, 736 (2004)

6

(quoting *Black's Law Dictionary* 1015 (7th ed.1999)). Under our rules, the summons is a process used to apprise a defendant that a suit is pending against him and afford him an opportunity to be heard. *Id.* (citing *S. Kan. Stage Lines Co. v. Holt*, 192 Ark. 165, 90 S.W.2d 473 (1936)). Where the mistake in naming the party is so substantial or material as to indicate a different entity, it is fatal. *See Crenshaw v. Special Adm'r of Est. of Ayers*, 2011 Ark. 222, at 4; *Shotzman v. Berumen*, 363 Ark. 215, 225, 213 S.W.3d 13, 17–18 (2005); *Wright v. Viele*, 2013 Ark. App. 471, 429 S.W.3d 314. Here, there was no mistake in the misnomer that was substantial or material as to indicate James Robert Macom is someone other than Robert Macom. In his answer to the complaint, (James) Robert Macom admitted that he represented to plaintiffs he possessed skill and experience—because he does—and he did at the time, and he admits that he entered into an agreement as a subcontractor with the Bensons for the express purpose of performing a roofing job on property as alleged in paragraph 29 of the complaint. Therefore, there was no mistake that the person who was served is one and the same person sought to be sued for breach of contract.

In his final argument, Macom argues that Ark. Code Ann. § 16-58-106(d)(1) prohibits service of process on Sundays, and to do so renders the service defective and the default judgment void. Arkansas Code Annotated historically rendered service of summons on Sunday void and of no effect. *Waldron Mfg. Corp. v. Kincannon*, 197 Ark. 804, 124 S.W.2d 968 (1939). The statute provides that a summons, subpoena, notice, order of arrest, or order of injunction may be executed on any holiday except Sunday. It may be executed on Sunday if the officer having the process believes—or an affidavit of the plaintiff or some other person

7

is made to the effect that the affiant believes—that the process cannot be executed after such holiday. In *Waldron Mfg. Corp.*, the Arkansas Supreme Court held that service of process on a Sunday is void except in special cases and cases of urgent necessity. Service on Sunday is not an absolute bar, however. The holding in *Waldron* requires proof of inability to serve a party on a day other than Sunday. Here, the affidavit of the process server clearly shows that service was attempted on Macom three times, and the server found that he was working outside the state of Arkansas and only home on Sunday. Macom does not dispute the accuracy of the process server's affidavit that he was out of state during the week. The argument that his wife could have been served is of no consequence. The fact that there was an alternative method of service does not affect the validity of the service in this case. Macom received the summons and complaint and proper notice of the allegations against him as required under Ark. R. Civ. P. 4. We find that service was proper.

Benson, in her separate appeal, alleges that the court should not have entered a default Judgment because she has a common defense with Jody Benson in his answer. Arkansas has long recognized the common-defense doctrine, which provides that an answer that is timely filed by a codefendant inures to the benefit of a defaulting codefendant. *Richardson v. Rodgers*, 334 Ark. 606, 976 S.W.2d 941 (1998); *Arnold Fireworks Display, Inc. v. Schmidt*, 307 Ark. 316, 820 S.W.2d 444 (1991); *Southland Mobile Home Corp. v. Winders*, 262 Ark. 693, 561 S.W.2d 280 (1978). The true test is whether the answer of the nondefaulting defendant states a defense that is common to both defendants, because then "a successful plea by one . . . operates, as a discharge to all the defendants, but it is otherwise where the

8

plea goes to the personal discharge of the party interposing it." *Coddington v. Brown*, 123 Ark. 486, 489, 185 S.W. 809, 810 (1916) (quoting *Hall v. Bonville*, 36 Ark. 491, 494 (1880)); *Richardson, supra*; *Southland Mobile Home Corp., supra.* In this respect, we have held that a general denial of "each and every material allegation contained in the complaint" is the assertion of a common defense. *See Southland Mobile Home Corp.*, 262 Ark at 694, 561 S.W.2d at 280. Likewise, we have held that a defense on the merits that equally applies to the other defendant is the assertion of a common defense. *See Richardson, supra* (containing a general denial of all material allegations in the complaint and an assertion that the plaintiffs suffered no damages). Finally, in *Richardson*, we held that a defaulting defendant does not have to demonstrate the criteria listed in Ark. R. Civ. P. 55(c) for setting aside a default judgment if the defaulting defendant was entitled to the benefit of a timely filed answer under the common-defense doctrine. 334 Ark. 606, 976 S.W.2d 941. Here, Jody Benson's answer states a specific common defense when he denied the defendants have materially and substantially breached their oral contract with the plaintiffs. Further, in paragraph 75 of his answer, he alleges a general denial: "Defendant Jody Benson denies any and all allegations that have not been specifically admitted herein." Here, these denials went to the existence of the plaintiffs' cause of action and asserted a defense common to both defendants; therefore, the answer inured to the benefit of Christy Benson. We find that the grant of the default judgment against Christy Benson was an abuse of discretion.

We reverse and remand the entry of the default judgment against Christy Benson and affirm the court's order striking Macom's answer and entering a default judgment against him.

Affirmed in part; reversed and remanded in part.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for separate appellant James Robert Macom.

*Johnathon D. Burgess*, for separate appellant Christy Benson.

*The Law Offices of Watson and Watson, PLLC*, by: *Tim Watson Jr.*, for appellee.