Cite as 2025 Ark. App. 598

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III

**No.** CV-24-495

|  |  |
|---|---|
| BROOKSTONE ASSISTED LIVING OPCO, LLC, D/B/A BROOKSTONE ASSISTED LIVING COMMUNITY | **Opinion Delivered** December 10, 2025 |
| | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 72CV-22-3433] |
| V. | HONORABLE JOHN C. THREET, JUDGE |
| JON M. GREEN, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF BONNIE L. GREEN, DECEASED | REVERSED AND REMANDED |
| APPELLEE | |

## BRANDON J. HARRISON, Judge

In civil litigation, little is more alluring or more treacherous than the prospect of kicking toward an open goal. This is an appeal from the denial of Brookstone Assisted Living Community's motion to set aside a default judgment entered despite timely common defenses by codefendants who were dismissed after it failed to answer. We reverse.

Jon Green's wife Bonnie, a Brookstone resident with advanced dementia but good mobility and physical health, was admitted to Washington Regional Medical Center (WRMC) on 26 December 2020 for "altered mental status." Jon pleaded in his complaint that while at WRMC, she fell from a gurney while unattended. No x-rays were taken. The fall was not charted, and no one told him or Brookstone about it before Bonnie was discharged to Brookstone on December 28. Bonnie was in no condition to tell them herself

either. Brookstone's staff soon realized something was wrong with Bonnie's leg. But before they could x-ray it, she tried to get out of bed while unsupervised and fell again. She broke her hip. Jon alleged that she lost all remaining quality of life between the second fall on December 28 and her death nine months later.

He sued Brookstone and some WRMC-affiliated doctors and entities, including Dr. Linda McGhee (collectively the "hospital defendants"), for medical negligence on 22 December 2022. Later, he filed an amended complaint and a second amended complaint. Though some alleged facts varied by defendant, Jon stated one claim against them all under the heading "Claims Against All Defendants." He alleged that all defendants violated the "respective standards of care that applied to physicians, nurses, and other medical providers practicing in Fayetteville, Washington County, Arkansas, or a similar locality." He also raised general-negligence allegations against all defendants.

Brookstone did not timely answer the complaints; but other defendants did, pleading general denials and defenses like Arkansas Rule of Civil Procedure 12(b)(6), all the Rule 8 defenses, and everything else. On May 23, the circuit court dismissed Jon's claims against the hospital defendants without prejudice and found Brookstone in default. It entered judgment for $671,203.80 after a damages hearing. In October, Brookstone moved to set the default judgment aside because the hospital defendants had raised a common defense. The circuit court denied the motion.

Common defense is the only issue Brookstone raises on appeal. Under settled common-defense caselaw, the judgment must be set aside.[1] Jon tries to distinguish those cases. In the circuit court, he conceded that if *WRMC* had defaulted, Dr. McGhee's answer would have covered the hospital "because there's commonality there," and her general denial would cover Brookstone if she denied common allegations. But he contended the allegations against the hospital defendants and Brookstone were not common and, indeed, that their interests were adverse.

At the pleading stage, we don't judge the common-defense doctrine solely by comparing and contrasting facts pleaded and deciding if there is sufficient overlap. We ask if an answering defendant's defenses *legally covered* the nonanswering defendant. Contract-claim defenses are not tort–claim defenses, so of course the subject of the lawsuit needs some factual nexus between the answering and nonanswering defendants. But we have something of a textbook common-defense-doctrine case given this area of the law (medical malpractice). The case is all about one patient, and whether alleged negligence by multiple defendants rendering her medical care resulted in injuries in two causally related incidents.

---

[1]Jon contends that we should sustain the default judgment regardless under the abuse-of-discretion standard unless the circuit court acted "improvidently, thoughtlessly, or without due consideration." *E.g.*, *Gulley v. State*, 2012 Ark. 368, at 10, 423 S.W.3d 569, 576 (stating standard of review). The circuit court has no discretion to enter default judgment over a common defense, and abuses its discretion if it does. *See Macom v. Di Cresce*, 2023 Ark. App. 530, 680 S.W.3d 36. We also note that Brookstone was not in default when the court granted Jon's motion for default judgment May 23 because the May 12 second amended complaint gave Brookstone twenty more days to answer. Ark. R. Civ. P. 15(a); *Edward J. DeBartolo Corp. v. Cartwright*, 323 Ark. 573, 916 S.W.2d 114 (1996); *see also* 2 David Newbern, John Watkins & D.P. Marshall Jr., *Arkansas Civil Practice & Procedure* § 19:2 (5th ed. 2010) ("[A]n amended complaint amounts to a waiver of any objection to the defendant's untimely answer to the original complaint.").

The timely answers by even one defendant, Dr. McGhee, covered Brookstone. First, recall that Jon lumped all his fact allegations against all defendants into a single claim. Dr. McGhee pleaded affirmatively that relief could not be granted on those facts and moved to dismiss both complaints under Rule 12(b)(6). In *Sutter v. Payne*, our supreme court specifically listed "failure to state a claim" as a defense that is "equally applicable to both co-defendants." 337 Ark. 330, 335–36, 989 S.W.2d 887, 889 (1999).

Second, Dr. McGhee denied "both generally and specifically, each and every material allegation" she had not specifically admitted. And she did not admit much. A general denial of every material allegation is a common defense because it "puts in issue the basic elements in every lawsuit, regardless of the differing allegations of fault as to each defendant." *Firestone Tire & Rubber Co. v. Little*, 269 Ark. 636, 645, 599 S.W.2d 756, 760 (Ark. App. 1980). The purpose and effect is "to put the plaintiff to proof on each of the allegations made in the complaint." *Id.* at 643, 599 S.W.2d at 759.

Finally, Dr. McGhee specifically denied allegations of negligence and causation directed at Brookstone before affirmatively pleading in the same paragraph that *she* was not negligent and did not proximately cause injury. The combination made clear she was denying the allegations against *all* defendants, not just herself. And she was not jumping in front of a legal bullet by denying them. Jon alleged that negligence by *all* defendants (including Dr. McGhee) contributed to Bonnie's December 28 fall at Brookstone. First, the hospital defendants allowed Bonnie to injure her leg and failed to alert Brookstone to the increased fall risk it would present. Then Brookstone failed to take measures to keep

4

her from trying to walk unassisted after learning of the leg injury, "which proximately resulted in Bonnie's second fall."

In other words, both the hospital defendants and Brookstone were alleged to have joint responsibility for Bonnie's injuries from the second fall. At this early stage, the defendants had several options to defend Jon's related allegations. One was for Brookstone to blame the hospital defendants and the hospital defendants to blame Brookstone. Or both sides could blame *nobody*, a nonparty, or Bonnie herself. Dr. McGhee chose "all of the above" in timely answers to both amended complaints:

> Pleading affirmatively, and out of an abundance of caution because she lacks sufficient information and knowledge at this time, asserts that the alleged injuries to Plaintiff and/or damages, if any, resulted from natural conditions, including pre-existing conditions and infirmities, or other bodily or medical conditions, by unavoidable occurrences, or by independent, intervening and superseding causes and were not caused by any fault, act, or omission on the part of Dr. McGhee.

> . . . .

> Pleading affirmatively, and out of an abundance of caution because she lacks sufficient information and knowledge at this time, asserts comparative fault, contributory negligence, and the obvious danger rule.

The answering defendants in *Firestone Tire & Rubber Co.*, *supra*, raised a common defense just this way, despite facts that similarly presented a potential for finger-pointing among the defendants. A wheel manufactured by Firestone came off Shelton's log truck and hit Artie Little a few blocks from the service station where Smith had just installed the wheel. Little sued Shelton first. In an amended complaint, he sued Firestone and Smith as well—Firestone for manufacturing a defective tire, Smith for installing it wrong. Shelton admitted driving the truck but denied almost everything else—including that an accident

5

occurred or that Little had been injured. Smith admitted the accident occurred but denied everything else. We held that those general denials put Little to his proof though Firestone failed to answer:

> Their answers included a denial the accident happened, alleged if it did happen it did not result in injury and damage to the plaintiff, [and] denied negligence . . . . The answers invoked defenses common to all defendants and we conclude the answers inure to the benefit of Firestone.

269 Ark. at 645, 599 S.W.2d at 760. Nothing in the cases decided since has dented that holding.

★ ★ ★

The common–defense doctrine applies in this case. The circuit court's denial of the motion to set the default judgment aside is hereby reversed and the case remanded for further proceedings.

Reversed and remanded.

KLAPPENBACH, C.J., and GLADWIN and HIXSON, JJ., agree.

VIRDEN and BROWN, JJ., dissent.

**WAYMOND M. BROWN, Judge, dissenting**. As an initial point, in response to footnote 1 of the majority's opinion, the timeliness of the default judgment entered against Brookstone in this medical-negligence case is not an issue before the court. It is well settled that a party must object at the first opportunity to preserve an issue for appeal, including arguments that default judgment should be set aside.[2] Brookstone did not at any time,

---

[2]*Bates v. Homan*, 2021 Ark. App. 266.

before the circuit court or on appeal, raise an argument as to the procedural timeline of the proceedings below. Therefore, it has no bearing on this court's decision.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *John Alexander* and *Colt D. Galloway*, for appellant.

*Cox Law Firm, PLLC*, by: *S. Lance Cox*, for appellee.